# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2026-1043
Lower Tribunal No. 2023-CF-013591

_____

YAPHET SHEM MESSAM,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition to the Circuit Court for Orange County.

July 2, 2026

PRATT, J.

On May 19, 2026, we issued an order directing Petitioner to show cause why his petition for writ of prohibition should not be dismissed as untimely based on the record before us. We note that Petitioner filed his petition in this Court approximately two-and-a-half months after the trial court rendered the challenged order denying his stand-your-ground motion to dismiss, without any reason for the delay apparent from the record. Petitioner's response to this Court's order to show cause, filed approximately four-and-a-half months after rendition of the challenged order, provides no adequate justification for the delay in this case. Accordingly, we

find that the delay was unreasonable and hereby exercise our discretion to dismiss the petition as untimely. *See, e.g.*, *Ogunwale v. State*, 361 So. 3d 399, 400 (Fla. 3d DCA 2023) ("While Florida's Rules of Appellate Procedure do not contain a specific provision requiring prohibition petitions to be filed within a certain time period in order to invoke this Court's jurisdiction, we may exercise our discretion and decline to adjudicate a petition that is not filed within a reasonable time from the rendition of the order being challenged."); *Snow v. State*, 352 So. 3d 529, 534 (Fla. 1st DCA 2022) ("[A] petitioner [who files a prohibition petition] must act 'as soon as practicable.'" (citations omitted)). *See generally* Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 30:3 (2026 ed.) ("Prohibition is not among the extraordinary remedies that are subject to a jurisdictional time limit. Nevertheless, the appellate court may deny relief if a petition for writ of prohibition was not filed within a reasonable time from the discovery of the grounds for relief. As with other extraordinary remedies, the appellate court may apply equitable principles in determining the right to relief." (citations omitted)).

DISMISSED.

SMITH and BROWNLEE, JJ., concur.

Yaphet Shem Messam, Orlando, pro se.

No Appearance for Respondent.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

2